UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**  Federal Square, Newark, NJ  07101
(973) 645-6596

June 1, 2007

**LETTER OPINION & ORDER**

Hicham Azkour, pro se
20 Hemlock Street, No. 2
Paterson, NJ 07503

        **RE: AZKOUR v. ARIA, et. al**
        **Civil Action No. 07-1568 (KSH)**

Dear Litigants:

      The Court is in receipt of plaintiff Hicham Azkour's request for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1), filed on May 18, 2007.   For the reasons set forth below, the plaintiff's request is denied.

**BACKGROUND**

      On April 4, 2007, the plaintiff filed a Complaint alleging that the defendants discriminated against him on the basis of his race by denying him access to housing and interfered with his right to seek redress for the allegedly discriminatory conduct.  See Compl. at ¶¶ 46, 64.  Based on these allegations, the plaintiff asserts claims under the Fair Housing Act, 42 U.S.C. § 1983, and the Fourteenth Amendment, in addition to various state law claims.  See Compl. at ¶¶ 7, 8.  On April 4, 2007, the plaintiff filed an Application for Pro Bono Counsel, which was denied without prejudice by the Hon. Katharine S. Hayden on April 9, 2007 because the plaintiff filed the Complaint without having paid the filing fees.  See Order, dated April 9, 2007.  On April 14, 2007, the plaintiff filed an Application to Proceed In Forma Pauperis, which Judge Hayden granted on May 4, 2007.  See Order, dated May 4, 2007.

      On May 18, 2007, the plaintiff filed this Application for Pro Bono Counsel.  See Docket Entry No. 8.  In his application, the plaintiff argues that he is entitled to appointed counsel because: (1) he does not have training in the law and is concerned that this will cause delay and prejudice his ability to present his case; (2) he cannot afford to hire an attorney on his own; (3) the case involves complex legal issues that will require a detailed factual investigation which he

cannot perform on his own; (4) the case will likely turn on credibility determinations and will require expert testimony; and (5) there are attorneys named as defendants and "[a]ttorneys and judges . . . don't like to see fellow attorneys sued." See App. for Counsel at ¶¶ 3-4; Compl. at ¶ 12.

## DISCUSSION

There is no constitutional or statutory right to appointed counsel for indigent civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts have broad discretion in determining whether the appointment of counsel is appropriate, and must assess each application on a case by case basis. 28 U.S.C. § 1915(d); Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993). In considering a request for appointment of counsel, the Court must first assess the threshold matter of "...whether the claimant's case has some arguable merit in fact and law." Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002). If the applicant satisfies this threshold requirement, then the Court should consider the following factors:

(1) the plaintiff's ability to present his case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
(4) the extent to which a case is likely to turn on credibility determinations;
(5) whether the case will require testimony from expert witnesses; and
(6) the plaintiff's capacity to retain counsel on his own behalf.

Tabron, 6 F.3d at 156-57. Assuming for the purposes of this application that the plaintiff's claims have merit, the Court will consider the Tabron factors to determine if appointed counsel is warranted.

First, the Court must consider whether or not the plaintiff has the ability to present his own case. Generally, courts consider the plaintiff's education, literacy, prior work experience, prior litigation experience, and other restraints placed upon the plaintiff. Id. at 156. Here, although the plaintiff contends he is unable to self-advocate because he lacks legal training, the plaintiff was able to draft and file a 75 page Complaint alleging several federal and state causes of action. He has also made the instant application and the IFP application. These submissions demonstrate that the plaintiff is literate and sufficiently able to articulate his claims for relief.

The second factor for consideration is the complexity of the legal issues presented in the case. The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (citing to Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). Here, the plaintiff contends that the legal issues are complex as there is "a case within a case." See Compl. at ¶ 12. However, the plaintiff does not explain how this fact raises a complex legal issue. Rather, the plaintiff's discrimination and state law claims arise out of a well developed body of case law, and the Complaint demonstrates the plaintiff's understanding of the law. Moreover, the plaintiff's factual allegations appear straightforward. Therefore, the plaintiff's

case does not involve a level of complexity that requires representation by a lawyer. Accordingly, this factor weighs against the appointment of counsel.

Third, the plaintiff is able to conduct factual investigations using the discovery tools made available to him under the Federal Rules of Civil Procedure. Montgomery, 294 F.3d at 503. A review of the documents submitted to the Court demonstrates that the plaintiff understands the facts out of which his claims arise and will be able to conduct discovery to gather additional evidence. Further, the plaintiff has not adequately described what challenges he would face in conducting discovery. This factor, therefore, militates against appointment of counsel.

Fourth, the Court must consider whether or not a case is likely to turn on credibility determinations. Id. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." See Parham, 126 F.3d at 460. Although the plaintiff appears to question the Court's ability to even-handedly evaluate claims against lawyers who are named as defendants in a lawsuit, the plaintiff has presented no evidence to substantiate this assertion. Moreover, at this early stage of the litigation the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

Fifth, the Court may appoint counsel where the case will require expert testimony. Tabron, 6 F.3d at 156. The plaintiff's allegation of discrimination in housing, as well as his various state law claims, would be understandable to a lay person without the assistance of an expert. Therefore, although the plaintiff asserts that expert testimony will be required, the plaintiff has not described how expert testimony is essential to his ability to present his case. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). As such, this factor weighs against appointment of counsel.

Sixth, the plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel. The plaintiff's assertion of indigence is corroborated by his successful IFP application. See Order dated May 4, 2007; see also 28 U.S.C. § 1915(a) (providing a Court may grant IFP status, and allow a party to proceed without payment of fees and costs, to "a person who makes affidavit that he is unable to pay such costs or give security therefore"). While indigence may bear on the plaintiff's capacity to pay for his own counsel, however, it does not by itself persuade the Court to appoint counsel. In short, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.

Finally, although the plaintiff stated in his first Application for Pro Bono Counsel that "[n]o attorney has, as of yet, accepted this case," and while this statement implies that the plaintiff has attempted to obtain counsel on his own, the plaintiff has not provided the Court with any specific information regarding his attempts to obtain his own attorney. See App. for Counsel, dated April 4, 2007 at ¶ 4. Pro bono counsel is an extremely limited resource and the Court is reluctant to appoint counsel to an individual who has not demonstrated an effort to acquire his own representation. Indeed, Congress enacted statutes to give attorneys incentive to take meritorious civil rights cases. Cf. Owens-El v. Robinson, 694 F.2d 941, 942-43, 942 n.3 (3d

Cir. 1982) (referring to the provision of the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which provides that, in actions under a number of civil rights statutes, a reasonable attorney's fee may be awarded to the prevailing party at the district court's discretion). Presumably, having brought an action under 42 U.S.C. § 1983, the plaintiff is in a better position to obtain counsel than a litigant who has not invoked a fee-shifting statute. The failure to provide adequate descriptions of his efforts to obtain counsel weighs against appointment of counsel at this time.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel.

**SO ORDERED.**

s/Patty Shwartz
United States Magistrate Judge