**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **HICHAM AZKOUR** | : | |
| **Plaintiff** | : | **Civil Action No. 07-1568(KSH)** |
| **v.** | : | |
| **LOIS ARIA, et al.,** | : | **REPORT & RECOMMENDATION** |
| | : | |
| **Defendants** | : | |

This matter having come before the Court as a result of the Order dated March 3, 2008, stating that:

1. "no later than **March 11, 2008**, the plaintiff shall provide each defendant with copies of the Rule 26 disclosures he asserts that he has already provided and provide responses to Interrogatories and document demands served upon him.  Failure to do so will result in a recommendation that his Complaint be dismissed;"

2. "no later than **March 11, 2008**, the plaintiff shall provide signed HIPAA releases.  Failure to do so by the date set forth herein will result in a recommendation that the United States District Judge strike any liability or damage claims based upon physical or emotional distress;"

3. "if the plaintiff fails to comply with this Order, then, no later than **March 18, 2008**, defense counsel shall file <u>affidavits</u> so stating.  If the plaintiff disputes the contents of the affidavits and contends that he provided Rule 26 disclosures to all defendants, responses to interrogatories and document demands, and produced signed HIPAA authorizations, then he shall submit an affidavit and copies of these documents, no later than **March 25, 2008**.  If the plaintiff fails to provide such evidence to show that plaintiff has provided the discovery and complied with this Order, then the Undersigned will recommend that the United States District Judge dismiss this case;"

Order, dated March 3, 2008, at 4 (emphasis in original);

and the defense counsel having submitted Affidavits stating that the plaintiff did not

provide the Rule 26 disclosures, responses to interrogatories or document demands, or HIPAA

1

releases as required by the March 3, 2008 and other Orders that have been entered, see Affidavit

of Frederick B. Polak (on behalf of defendant Lois Aria and Gateano Aria), dated March 14,

2008, at ¶ 3; Affidavit of Marta N. Kozlowska (on behalf of defendant Francis Dorrity), dated

March 14, 2008, at ¶ 3; Certification of Hamdi Rifai (on behalf of defendant Hamdi Rifai pro se),

dated March 13, 2008, at ¶ 3; Declaration of Joseph Press (on behalf of Anastaiso Stamatiou and

Alexandros Stamatiou), dated March 12, 2008, at 1;

     and the Court having entered a series of Orders reminding the plaintiff of his obligation to

provide responses to discovery demands;[1]

---

[1]The docket reflects numerous orders that directed the plaintiff to provide discovery. The Pretrial Scheduling Order, dated August 17, 2007, set September 7, 2007 as the deadline for the parties to exchange Rule 26 disclosures and October 17, 2007 as the deadline for the parties to respond to interrogatories and document demands. Docket No. 31. The Order clearly notified all parties that "**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**" Order, dated August 17, 2007, at ¶ 12 (emphasis in original).

By way of letter dated October 9, 2007, the Court was advised that the plaintiff had failed to provide Rule 16 disclosures, and as a result, by way of Order dated October 9, 2007, the plaintiff was directed to provide a response to the letter that stated that he had failed to provide the information required by the the Order filed August 17, 2007 and advised him of the consequence of failing to provide a response. Docket No. 39. In response, the plaintiff filed a motion to stay pending his appeal of the Court's denial of his request for leave to file an Amended Complaint. Docket No. 41. By way of Order dated October 24, 2007, the plaintiff was advised that his motion for a stay was denied and he was reminded that his obligations under the August 17, 2007 Order remained in full force and effect.

By way of letter dated December 3, 2007, the Court was again advised that the plaintiff had failed to provide discovery by the Court-ordered deadline. As a result, by way of Order dated December 5, 2007, the plaintiff was directed to provide a response to the letter, including the status of his initial disclosures, signed medical release forms and responses to defendants' interrogatories and document demands. Docket No. 45. The Order again reminded the plaintiff that failure to submit a response to the Order may result in a recommendation that sanctions be imposed, including a recommendation that the United States District Judge dismiss the Complaint. Plaintiff responded by letter dated December 13, 2007, by rearguing his request for a stay. By Order dated December 14, 2007, the Court again denied the plaintiff's request for a stay but extended the deadline for him to provide the defendants with his initial disclosures, signed

medical release forms and responses to defendants' interrogatories and document demands until January 4, 2008, while keeping all other terms of the August 17, 2007 in effect. Docket No. 46.

By letter dated January 7, 2008, the Court was advised that the plaintiff failed to produce the information required by the December 14, 2007 Order and, as a result, the Court entered an Order dated January 7, 2008, directing the plaintiff to provide a response to the letter no later than January 16, 2008. Docket No. 50. The Order reminded the plaintiff that the proceedings had not been stayed and his failure to respond to the Order and the discovery demands "will result in a recommendation that the United States District Judge dismiss the Complaint." Id.

By letter dated January 15, 2008, the Court was advised that the plaintiff had not provided the discovery that had been the subject of the December 14, 2008 Order. In addition, as of January 28, 2008, the plaintiff had not provided a response to the January 7, 2008 Order. As a result, the Court issued an Order, dated January 28, 2008, directing the plaintiff to show cause why the Court should not recommend to the United States District Judge to dismiss the Complaint against defendants Dority and Aria. Docket No. 54. This Order again reminded the plaintiff of the consequences of noncompliance. Id.

In response, the plaintiff submitted a letter dated February 5, 2008 and received February 11, 2008, in which he stated that he forwarded Rule 26 disclosures to defendants Dorrity, Aria, and Gregory. There was no indication therein as to the status of his responses to any interrogatories and document demands and, therefore, the letter did not provide all of the information required by the prior Orders. As a result, by way of Order dated February 13, 2008, the Court directed that, "no later than February 28, 2008, all parties shall submit letters that sets forth: (1) the date on which they provided Rule 26 disclosures and to whom the disclosures were provided; (2) whether or not they served interrogatories and document demands, the date they were served and to whom they were directed; and (3) whether or not said demands were responded to and who provided responses and who failed to respond." Docket No. 55 (emphasis omitted).

Thereafter, the Court received letters from each defendant addressing the terms of the February 13, 2008 Order. Each letter described the discovery the particular defendant had provided and stated that the plaintiff had not provided responses to their discovery demands as required by the Court's Orders. See Docket Nos. 56-60. The plaintiff submitted a letter dated February 25, 2008 stating that he had provided Rule 26 disclosures to the defendants Dorrity, Aria, and Gregory but there is nothing in his letter stating that he provided either the HIPAA authorizations or any other responses to discovery. Moreover, defendants Dorrity, Aria, and Gregory denied ever receiving plaintiff's Rule 26 disclosures. Because there was a factual dispute concerning whether or not the plaintiff provided his Rule 26 disclosures to these defendants and there was nothing to show that he provided other discovery responses, the Court gave the plaintiff another opportunity to comply with his discovery obligations. Specifically, the

and the plaintiff having been specifically advised that his failure to provide discovery and comply with the March 3, 2008 Order would result in a recommendation to the United States District Judge that Her Honor dismiss his Complaint;

and the plaintiff having failed to comply with the Orders or provide a response to the March 3, 2008, which gave him the opportunity to provide evidence that the provided discovery and complied with the March 3, 2008 Order;

and the Undersigned hereby recommending that the United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 37;[2]

---

Court provided the plaintiff until March 11, 2008, more than almost five months beyond the original deadline to provide "each defendant with copies of the Rule 26 disclosures he asserts that he has already provided and provide responses to Interrogatories and document demands served upon him," and advised him that "[f]ailure to do so will result in a recommendation that his Complaint be dismissed." Docket No. 61. The Order also directed that he provide copies of the signed HIPAA authorizations by March 11, 2008. In addition, the Order directed that the defendants submit affidavits if the plaintiff failed to comply and gave the plaintiff until March 25, 2008 to submit an Affidavit and copies of the documents reflecting his responses to the discovery demands served upon him. The defendants submitted sworn statements stating that the plaintiff did not provide the discovery and the plaintiff has submitted nothing, despite notice of the consequence of noncompliance.

[2]In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors that must be considered to determine whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. Id. at 868. While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

As more fully set forth herein, the record in this case demonstrates that noncompliance with orders have been the fault of the plaintiff. Here, the plaintiff has been given ample opportunity to comply with his obligations to provide discovery. While it is not clear that he has abandoned his law suit, as reflected by his responses to some of the Court's Orders and his

and for good cause shown,

IT IS on this 28th day of March, 2008

RECOMMENDED that United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 37.  The parties have ten (10) days from receipt of this Recommendation to file and serve objections; and

requests for stays and appeals, he has failed to comply with his discovery obligations.  While the Court recognizes that the plaintiff is a pro se litigant, the plaintiff is still personally responsible for his inaction.

The prejudice to the defendants is clear.  The plaintiff's deliberate recalcitrance impedes the defendants' ability to fully investigate the plaintiff's claims and defend against them as they are unable to learn the facts he contends support his claims.

The history of his dilatoriness is apparent from the recitation of events set forth in Footnote 1.  The plaintiff appeared at the Rule 16 conference, was told about the discovery process and provided extended deadlines to provide discovery before sanctions would be imposed.  He clearly understood his obligations, as reflected by his efforts to obtain discovery from the defendants.  Despite understanding his obligations and being given ample opportunity to comply, he has repeatedly failed to provide respond to the discovery demands served upon him.

The Court has concluded, based upon this history, that no sanction other than dismissal would be appropriate.  The defendant has been advised that his failure to provide the HIPAA releases would result in barring any claim for emotional distress or physical injury and that did not result in a response.  Furthermore, the plaintiff is proceeding in forma pauperis and as a result, a monetary sanction may not be effective because he may lack the means to pay.  Finally, the nature of the conduct has impeded the defendants' ability to defend the action and dismissal is the sanction that best fits the consequence of the noncompliance.   This conclusion is reached, however, without any finding as to whether or not meritorious defenses exist but simply takes note that if a plaintiff brings an action, the defendants have a right to probe the basis for same and when the plaintiff fails to provide discovery, he interferes with this process and in effect obstructs the litigation process.  This conduct not only effects that defendants but also impedes the Court's ability to assist all parties in receiving a fair and just trial.

Based upon the apparent willful noncompliance with his discovery obligations, despite notice of the consequences and an opportunity to comply, the Court concludes that dismissal is the only sanction that is appropriate.

IT IS FURTHER ORDERED that counsel for defendant Dorrity shall serve a copy of this

Report and Recommendation upon the plaintiff by regular mail and certified mail/return receipt

requested.

s/Patty Shwartz
United States Magistrate Judge

6