UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HICHAM AZKOUR, <br>         Plaintiff, <br> v. <br> LOIS ARIA, et al., <br>         Defendant. | Civ. Action No. 07-1568 (KSH) <br><br> **ORDER** |

**Katharine S. Hayden, U.S.D.J.**

     On August 17, 2007, Magistrate Judge Patty Shwartz issued the Pretrial Scheduling Order in this matter, which set September 7, 2007 as the deadline for the parties to exchange Rule 26 disclosures and October 17, 2007 as the deadline for the parties to respond to interrogatories and document demands. (D.E. 31.)

     On October 9, 2007, responding to a letter dated that same day stating that plaintiff had failed to provide Rule 26 disclosures, Judge Shwartz issued an Order directing plaintiff to provide a response to the letter that stated that he had failed to provide the information required by the Order filed August 17, 2007 and advising him of the consequence of failing to provide a response. (D.E. 39.) Instead of complying with the August 17 Order, plaintiff filed a motion to stay pending his appeal of the Court's denial of his request for leave to file an Amended Complaint. (D.E. 41.) Judge Shwartz then issued an Order dated October 23, 2007, denying his motion for a stay and reminding that his obligations under the August 17, 2007 Order remained in full force and effect. (D.E. 42.)

On December 5, 2007, again responding to a letter stating that plaintiff had failed to provide discovery by the Court-ordered deadline, Judge Shwartz issued an Order directing plaintiff to provide a response to the letter, including the status of his initial disclosures, signed medical release forms and responses to defendants' interrogatories and document demands. (D.E. 45.) The Order also advised plaintiff that failure to submit a response to the Order may result in a recommendation that sanctions be imposed, including a recommendation that the United States District Judge dismiss the Complaint. Instead of complying with Judge Shwartz's Orders, plaintiff filed a letter dated December 13, 2007 rearguing his request for a stay. A December 14, 2007 Order again denied plaintiff's request for a stay but extended the deadline for him to provide the defendants with his initial disclosures, signed medical release forms and responses to defendants' interrogatories and document demands until January 4, 2008, while keeping all other terms of the August 17, 2007 in effect. (D.E. 46.)

On January 7, 2008, responding to a letter dated that same day stating that plaintiff had failed to produce the information required by the December 14, 2007 Order, Judge Shwartz issued an Order directing the plaintiff to provide a response to the letter no later than January 16, 2008 and advising him that the proceedings had not been stayed. (D.E. 50.) The Order also advised that his failure to respond to the Order and the discovery demands "will result in a recommendation that the United States District Judge dismiss the Complaint."

As of January 28, 2008, plaintiff had not provided the discovery that had been the subject of the December 14, 2008 Order and had not provided a response to the January 7, 2008 Order. Judge Shwartz then issued an Order dated January 28, 2008, directing the plaintiff to show cause why the Court should not recommend that the United States District Judge dismiss the Complaint against defendants Dority and Aria. (D.E. 54.)

Plaintiff then submitted a letter dated February 5, 2008, in which he stated that he forwarded Rule 26 disclosures to defendants, but the letter provided no indication as to the status of his responses to any interrogatories and document demands.  Because the letter did not provide all of the information required by the prior Orders, Judge Shwartz issued an Order dated February 13, 2008, providing that "no later than February 28, 2008, all parties shall submit letters that sets forth: (1) the date on which they provided Rule 26 disclosures and to whom the disclosures were provided; (2) whether or not they served interrogatories and document demands, the date they were served and to whom they were directed; and (3) whether or not said demands were responded to and who provided responses and who failed to respond."  (D.E. 55.)

The defendants submitted the letters required by the February 13, 2008 Order, with each letter describing the discovery the particular defendant had provided and asserting that plaintiff had not provided responses to their discovery demands as required by the Court's Orders.  (D.E. 56-60.)  Plaintiff's response the Order, dated February 25, 2008, stated that he had provided Rule 26 disclosures to the defendants, which they denied ever receiving, but did not indicate whether he had provided either the HIPAA authorizations or any other responses to discovery.  Judge Shwartz, taking into consideration the factual dispute concerning whether or not the plaintiff provided his Rule 26 disclosures to defendants, issued an Order dated March 3, 2008, allowing plaintiff until March 11, 2008, more than almost five months beyond the original deadline, the opportunity to provide "each defendant with copies of the Rule 26 disclosures he asserts that he has already provided and provide responses to Interrogatories and document demands served upon him," and advising him that "[f]ailure to do so will result in a recommendation that his Complaint be dismissed."  (D.E. 61.)

3

The March 3, 2008 Order also directed plaintiff to provide copies of the signed HIPAA authorizations by March 11, 2008.  The Order also directed that the defendants submit affidavits if the plaintiff failed to comply and gave plaintiff until March 25, 2008 to submit an Affidavit and copies of the documents reflecting his responses to the discovery demands served upon him.  As required by the March 3, 2008 Order, defendants submitted sworn statements attesting to plaintiff's continued noncompliance.  After plaintiff failed to comply with the provisions of the March 3, 2008 Order or respond to said Order, Magistrate Judge Shwartz submitted a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1) that plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 37.  (D.E. 70.)

The Court having reviewed <u>de novo</u> the report and recommendation of Magistrate Judge Shwartz; and the Court having determined that plaintiff's conduct in failing to comply with his obligations under scheduling orders and the Federal Rules of Civil Procedure warrants the extreme sanction of dismissal consistent with the factors articulated in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984); and the Court noting that plaintiff has not objected to the report and recommendation,

**IT IS** on this 30th day of June 2008,

**ORDERED** that the report and recommendation of Magistrate Judge Shwartz is adopted as the opinion of this Court; and it is further

**ORDERED** that plaintiff's complaint is dismissed.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

4